# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SAMUEL L. ROLLASON, *et al.*,

    Plaintiffs,

vs.

ITX, LLC, *et al.*,

    Defendants.

CIVIL ACTION NO. 1:18-cv-482-TFM-N

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' *Motion to Remand Unitrin Auto and Home Insurance Company Case to Baldwin County Circuit Court*. Doc. 9, filed January 18, 2019. Plaintiffs request the Court remand this action pursuant to 28 U.S.C. § 1447 to the Baldwin County Circuit Court. *Id.* at 1. Also pending before the Court is Defendant ITX, LLC's ("ITX") *Motion to Dismiss* (Doc. 2, filed November 15, 2018), in which Defendant ITX requests the Court to dismiss, pursuant to Fed. R. Civ. P. 12(b), Plaintiffs' state law claims because they are preempted by the Carmack Amendment to the I.C.C. Termination Act, 49 U.S.C. § 14706. Having considered the motions and relevant law, the Court finds the motion to remand is due to be denied and the motion to dismiss is due to be granted in part and denied in part.

### I.    PROCEDURAL BACKGROUND

Defendant ITX removed this matter to this Court from the Baldwin County Circuit Court on November 15, 2018, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity and federal question jurisdiction. *See* Doc. 1 at 1. In Plaintiffs' Amended Complaint, they bring claims of breach of contract (Counts 1 and 6), negligence and wantonness (Count 2), misrepresentation (Count 3), suppression (Count 4), and bad faith (Counts 5 and 7) against Defendants All State Van

Lines Relocation, Inc. ("All State Van Lines"); ITX; Relo Van Lines, LLC ("Relo"); and Unitrin Auto and Home Insurance Company ("Unitrin"). Doc. 1-1.

On November 15, 2018, Defendant ITX filed its Motion to Dismiss (Doc. 2) to which Plaintiffs filed their response (Doc. 10) and Defendant ITX filed its reply (Doc. 13). On January 18, 2019, Plaintiffs filed their motion to remand and supporting brief (Doc. 9) to which Defendant Unitrin Auto and Home Insurance Company filed its opposition (Doc. 12). The motions are fully briefed and ripe for review and the Court finds oral argument unnecessary.

## II.     STANDARD OF REVIEW

**A.     Motion to Remand**

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

**B.     Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)[1]**

---

[1] Defendants only state they move to dismiss Plaintiffs' claims pursuant Fed. R. Civ. P. 12(b), but it is clear from Defendants' motion the standard is Fed. R. Civ. P. 12(b)(6).

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Since a Fed. R. Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of a Fed. R. Civ. P. 12(b)(6) motion, the court must assume all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. [at] 1955."). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (indicating that,

under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss)). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for Rule 12(b)(6) purposes.").

### III. DISCUSSION AND ANALYSIS

Since the motion to dismiss and motion to remand both address the preemption of Plaintiffs' claims by the Carmack Amendment, the Court will first address Plaintiffs' motion to remand to analyze whether the Court has jurisdiction over this matter.

**A. Motion to Remand**

In Plaintiffs' motion to remand, they present in five (5) paragraphs different arguments in support of their motion, which the Court will address in turn. The Court notes Plaintiffs neither cite to any legal authority to support their arguments nor explain how their arguments address this Court's jurisdiction,[2] so the Court will construe their arguments to the best of its abilities. Additionally, insofar as Plaintiffs do not challenge this Court's subject matter jurisdiction, their motion to remand is untimely pursuant to 28 U.S.C. § 1447(c) because their motion was filed sixty-

---

[2] Plaintiffs' jurisdictional argument can be found in their response to the motion to dismiss. Doc. 10.

four (64) days after the notice of removal was filed, which is outside the prescribed thirty (30) days to file a motion to remand that does not address the Court's subject matter jurisdiction.[3]

In paragraph one (1), Plaintiffs argue the Court does not have jurisdiction to set aside a default judgment that was entered by the state court. Doc. 1, ¶ 1.

> As a general rule, when a case is removed to federal district court under original jurisdiction the federal court treats everything done in the state court as if it had in fact been done in the federal court. *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Therefore, assuming an error occurred in the state court, a federal district court "may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988).

*Salery v. U.S.*, 373 F. App'x 29, 31 n.1 (11th Cir. 2010).[4] If this Court has jurisdiction, it clearly has to the authority to set aside a default judgment that was previously entered by a state court. Consequently, Plaintiffs' first argument fails.

In paragraph two (2), Plaintiffs argue Defendant Unitrin did not request this action be removed from state court to this Court. Doc. 1, ¶ 2. Pursuant to 28 U.S.C. § 1446(b)(2), the nonremoving defendants filed their consents to removal, which were attached to the Notice of Removal. Doc. 1-3. Therefore, Plaintiffs' second argument fails.

In paragraph three (3), Plaintiffs argue Defendant Unitrin has not requested this Court to set aside the default judgment that was entered by the state court. Doc. 1, ¶ 3. This is clearly inaccurate since Defendant Unitrin filed its Application to Set Aside Default Judgment on

---

[3] That alone is sufficient to deny the motion to remand. Even if the motion to remand were timely, it still fails.

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

November 20, 2018. Doc. 5. Plaintiffs also fail to establish how this argument relates to this Court's jurisdiction. Therefore, Plaintiffs' third argument fails.

In paragraphs four (4) and five (5), Plaintiffs argue Defendant ITX removed this matter because the claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706, the Carmack Amendment does not apply to Defendant Unitrin, and the claims against Defendant Unitrin should be severed and remanded to the state court. Doc. 1, ¶¶ 4-5.

Defendant ITX argues this Court has jurisdiction based on diversity of citizenship[5] and a federal question.

As to the Court's federal question jurisdiction, Defendant ITX argues Plaintiffs' claims arise out of the interstate transportation of household goods by a common carrier, which is governed exclusively by the provisions of the Carmack Amendment and preempts Plaintiffs' state law claims.

> A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law. [28 U.S.C.] § 1441. To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Louisville v. Nashvill R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *see Taylor v. Anderson*, 234 U.S. 74, 34 S. Ct. 724, 58 L. Ed. 1218 (1914).

---

[5] At present, the details of Defendant ITX's Notice of Removal are insufficient to clearly establish diversity jurisdiction based on diversity because it does not indicate the full citizenship of the corporate parties. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Defendant ITX pleads the State of incorporation for each of the corporate defendants, but does not plead the principal place of business for those defendants. Nor do Plaintiffs, in their First Amended Complaint, plead the principal place of business for the corporate defendants.

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003). This Court has previously ruled complete preemption applies in a Carmack Amendment context. *U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1338 (S.D. Ala. Dec. 22, 2003); *Dees v. Coleman Am. Moving Servs., Inc.*, 2017 WL 4838845, 2017 U.S. Dist. LEXIS 177321 (S.D. Ala. Oct. 26, 2017).

In the First Amended Complaint, Plaintiffs claim they employed Defendants to "transport their furniture and other wares, including fine antiques and works of art, from Santa Fe, New Mexico, to their home in Daphne, Alabama." Doc. 1-2, at 78. When the household items arrived on June 5, 2017, "much of the furniture, fine antiques and art pieces were broken and damaged in the approximate sum of Seventy Thousand ($70,000.00) Dollars." *Id.*

The Carmack Amendment covers motor carriers, 49 U.S.C. § 14706, which is defined as "a person providing motor vehicle transportation for compensation," 49 U.S.C. § 13102, and has been applied in this Court in the context of the transportation of goods by carriers in interstate commerce, *see U.S. Aviation Underwriters, Inc.*, 296 F. Supp. 2d 1322; *Dees*, 2017 WL 4838845, 2017 U.S. Dist. LEXIS. District courts have original jurisdiction over actions brought under the Carmack Amendment if the "matter in controversy for each receipt or bill of lading exceeds $10,000," 28 U.S.C. § 1337(a), and such an action against a arrier for a loss may be brought in the "judicial district in which such loss or damage is alleged to have occurred," 49 U.S.C. § 14706(d)(2). Based on Plaintiffs' well pleaded allegations in their First Amended Complaint, the Court finds their claims arise under the Carmack Amendment and this Court has jurisdiction over those claims. Therefore, Defendants have met the heavy burden of removal and the motion to remand is denied.

**B.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

As the Court has found the Carmack Amendment completely preempts Plaintiffs' state law claims, the Court now turns to the Motion to Dismiss. Doc. 2. In that motion, Defendant ITX requests the Court dismiss all of Plaintiffs' claims against it. *Id*. at 4. However, the matter is not as simple as Defendant ITX suggests. While Defendant ITX cites to *United States Aviation Underwriters, Inc.*, it fails to acknowledge the later-found analysis in the same case which discussed the dismissal and survival of Carmack Amendment claims. *Id.* at 1335-39. In short, the preemption doctrine under the Carmack Amendment does not result in Plaintiffs' claims simply going poof with no surviving case. Rather, the state law claims are due to be dismissed with prejudice as being preempted by the Carmack Amendment and the preemption claim itself (though not technically plead) still survives. *See generally id.*. In short, the information originally pled in the state law claims of bad faith, breach of contract, misrepresentation, negligence and wantonness, and suppression now survive as a Carmack Amendment claim.

"In other words, through the magic of 'jurisdictional alchemy' (to quote Justice Scalia's dissent in *Beneficial* [*Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S. Ct. 2058, 156 L.Ed.2d 1 (2003)]), [the Plaintiffs'] state law claims morph into a federal Carmack Amendment claim, there being 'no such thing' as a state law claim against a common carrier for damage to goods in interstate transportation." *U.S. Aviation Underwriters, Inc.*, 296 F. Supp. 2d at 1339. "Thus, though it may be invisible to the naked eye, [the Plaintiffs'] Carmack Amendment claim does exist." *Id.*

Therefore, the motion to dismiss is due to be granted in part and denied in part. The motion is due to be granted to the extent the previously asserted state law claims of bad faith, breach of contract, misrepresentation, negligence and wantonness, and suppression are dismissed with

prejudice, and the motion is due to be denied to the extent the claims survive as a Carmack Amendment claim.[6]

## **CONCLUSION**

Based on the foregoing analysis, Plaintiffs' motion to remand (Doc. 9) is hereby **DENIED**. The motion to dismiss (Doc. 2) is **GRANTED in part** and **DENIED in part**. The motion to dismiss is **GRANTED** to the extent the previously asserted state law claims of bad faith, breach of contract, misrepresentation, negligence and wantonness, and suppression are **DISMISSED WITH PREJUDICE**. The motion to dismiss is **DENIED** to the extent the claims survive as Carmack Amendment claim.

**DONE** and **ORDERED** this the 14th day of May 2019.

       s/Terry F. Moorer
**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**

---

[6] Defendant ITX does not argue the claim under the Carmack Amendment fails to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.