IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. ROLLASON, *et al.*, | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION NO. 1:18-cv-482-TFM-N |
| ALL STATE VAN LINES RELOCATION, INC., *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' *Motion for Default Judgment*. Doc. 20, filed June 26, 2019. Plaintiffs request the Court enter a default judgment in their favor and against Defendant All State Van Lines Relocation, Inc. *Id.* Having considered the motion and relevant law, the Court finds the Motion for Default Judgment is due to be **GRANTED** as to its claim for $70,000.00 in damages.

### I. JURISDICTION

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), 49 U.S.C. § 14706, and 28 U.S.C. § 1332 (diversity jurisdiction).

The Court has personal jurisdiction over Defendant All State Van Lines Relocation, Inc., because Plaintiffs allege it is a Florida corporation that conducts business in Baldwin County, Alabama, and it was served via certified mail. Doc. 1-2 at 18, 76; *see also Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) ("The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a

forum's jurisdiction under applicable law.  Service of process is simply the physical means by which that jurisdiction is asserted.").

Venue is proper in this Court because Plaintiffs allege all or a substantial part of the events or omissions that gave rise to Plaintiffs' claim occurred in Baldwin County, Alabama, which is within this Court's jurisdiction.  Doc. 1-2 at 77.

## II. PROCEDURAL AND FACTUAL BACKGROUND

**A.  Procedural Background**

Plaintiffs Samuel H. Rollason and Kathleen M. Rollason (collectively, the "Plaintiffs") originally filed this action in the Baldwin County Circuit Court on July 24, 2018, in which they brought claims of breach of contract (Counts 1 and 6), negligence and wantonness (Count 2), misrepresentation (Count 3), suppression (Count 4), and bad faith (Counts 5 and 7) against Defendants All State Van Lines Relocation, Inc. ("All State"); IXT, LLC ("IXT"); Relo Van Lines, LLC ("Relo"); and Unitrin Auto and Home Insurance Company ("Unitrin").  Doc. 1-1 at 12-20.  Plaintiffs filed their First Amended Complaint on October 9, 2018, in which they dismissed Defendant IXT and added Defendant ITX, LLC ("ITX"), and retained the same claims.  Doc. 1-1 at 3-11.

Defendant ITX removed this matter to this Court from the circuit court on November 15, 2018, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity and federal question jurisdiction.  *See* Doc. 1 at 1.  Attached to the Notice of Removal is Defendant All State's Consent to Removal, which is signed on behalf counsel for Defendant All State with permission.  Doc. 1-3 at 2.

On November 15, 2018, Defendant ITX filed its Motion to Dismiss in which Defendant ITX requested the Court to dismiss, pursuant to Fed. R. Civ. P. 12(b), Plaintiffs' state law claims because they were preempted by the Carmack Amendment to the I.C.C. Termination Act

("Carmack Amendment"), 49 U.S.C. § 14706. Doc. 2. On January 18, 2019, Plaintiffs filed their motion to remand and supporting brief in which they requested the Court remand this action pursuant to 28 U.S.C. § 1447 to the Baldwin County Circuit Court. Doc. 9. The Court granted the motion to dismiss to the extent the previously asserted state law claims of bad faith, breach of contract, misrepresentation, negligence and wantonness, and suppression were dismissed with prejudice and denied to the extent the claims survived as a Carmack Amendment claim. Doc. 15. The Court denied the Plaintiffs' motion to remand. *Id*.

On May 14, 2019, the Court granted Plaintiffs' and Defendant Unitrin's motion to dismiss Plaintiffs' claims against Unitrin. Docs. 14, 16.

Based on the fact that Defendant All State had not filed a notice of appearance, responsive pleading, or request for an extension of time to respond to the Complaint, on June 13, 2019, the Court ordered Plaintiffs to file either a motion to dismiss Defendant All State pursuant to Fed. R. Civ. P. 41, a motion for default pursuant to Fed. R. Civ. P. 55 for Defendant All State's failure to plead or otherwise defend, or a status report that detailed how Plaintiffs intended to proceed against Defendant All State. Doc. 16. In response to the Court's June 13, 2019 Order, Plaintiffs filed their Motion for Default Judgment in which they requested the Court, pursuant to Fed. R. Civ. P. 55, enter a default judgment against Defendant All State. Doc. 20.

On July 2, 2019, the Court declared Defendant All State to be in default, held the Motion for Default Judgment in abeyance, and ordered Plaintiffs to file evidence in support of their motion. Doc. 25. On August 2, 2019, Plaintiffs filed their evidence in support of their Motion for Default Judgment. Doc. 30. Defendant All State has failed to appear in this matter or otherwise respond to Plaintiffs' filings. *See* Docket Sheet. The motion is ripe for review and the Court finds an

evidentiary hearing unnecessary, based on the evidence that was filed in support of the Motion for Default Judgment.

**B.      Factual Background**

In May 2017, Plaintiffs employed Defendants All State, ITX, and Relo (collectively, the "Defendants") to transport Plaintiffs' furniture and other wares, which included antiques and works of art, from Santa Fe, New Mexico, to Plaintiffs' home in Daphne, Alabama. Doc. 1-2 at 79. Plaintiffs agreed to pay $15,000.00 for the moving service. *Id.* Defendants Relo and ITX were employed by Defendant All State to transport the furniture to Daphne, Alabama, via trucks. *Id.* Defendants represented to Plaintiffs their furniture would be transported with care and would be protected from damage. *Id.*

The shipment arrived at its destination on June 5, 2017. *Id.* When the furniture and goods arrived at their destination, they were inspected and many of the pieces were found to be broken and damaged. *Id.*

### III.     STANDARD OF REVIEW

> The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. FED. R. CIV. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default. FED. R. CIV. P. 55(b)(1). In all other circumstances, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).
>
> The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the

complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis omitted). Therefore, [Plaintiff] must establish a "prima facie liability case" against the defendants. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

*Gray Cas. & Sur. Co. v. McConnell Contracting, LLC*, Civ. Act. No. 11-0184-KD-N, 2012 U.S. Dist. LEXIS 48220, at *8-10, 2012 WL 1145186, at *3-4 (S.D. Ala. Apr. 5, 2012).

## IV.   DISCUSSION AND ANALYSIS

Upon review of the pleadings, the Court is satisfied the well-pleaded allegations state a basis for relief under the Carmack Amendment, as stated in the Court's May 14, 2019 Memorandum Opinion and Order, and there is a substantive and sufficient factual basis for the relief sought by Plaintiffs. Specifically, Plaintiffs have provided sufficient evidence to support their claims that Plaintiffs employed Defendants to transport Plaintiffs' furniture and other wares from Santa Fe, New Mexico, to Plaintiffs' home in Daphne, Alabama, the furniture and goods were inspected when they arrived, and many of the pieces were found to be broken and damaged. Docs. 1-2 at 79, Doc. 30, Doc. 30-1, Doc. 30-2. In total, the replacement value and repair costs for Plaintiffs' property is $72,171.94, which includes the replacement value of the property in the amount of $53,295.00 and repair costs in the amount of $18,876.94. Doc. 30 ¶¶ 2-4.

In support of Plaintiffs' claims, they filed an "Appraisal Report" that was prepared by David L. Sanders, ISA, AM, in which Mr. Sanders appraised the replacement cost for some of Plaintiffs' household items that were beyond repair. Doc. 30-1. Plaintiffs also filed invoices from

Furniture Medic by Key Craftmanship for furniture repair service to Plaintiffs' household items that were damaged, invoices for cabinet replacement services for cabinetry that was damaged, and an invoice for a mattress that was destroyed. Doc. 30-2 at 2-25.

Fed. R. Civ. P. 54(c) provides a "default judgment must not differ in kind from, or exceed in amount what is demanded in the pleadings." FED. R. CIV. P. 54(c). In Plaintiffs' First Amended Complaint and Motion for Default Judgment, they claim damages in the amount of $70,000.00 for the damage to their furniture. Doc. 1-2 at 79-81; Doc. 20 ¶ 5. However, in Plaintiffs' evidence in support of their Motion for Default Judgment, they claim replacement value and repair costs of $72,171.94 as well as a refund of the moneys paid for the moving services in the amount of $15,463.32. Doc. 30 ¶¶ 4, 5. The Court notes the Carmack Amendment limits a carrier's maximum liablity for household goods that are lost, damaged, or destroyed to "an amount equal to the replacement value of such goods, subject to a maximum amount equal to the declared value of the shipment and to rules issued by the Surface Transportation Board and applicable tariffs." 49 U.S.C. § 14706.

Defendant All State has had ample time to appear or file a response to the instant motion for default judgment. This matter was removed from the circuit court on November 15, 2018, with the consent of Defendant All State by permission. Doc. 1; Doc. 1-3, at 2. The instant motion for default judgment was filed on June 26, 2019, and became ripe after Plaintiffs filed their evidence in support of their motion for default judgment on August 2, 2019. Docs. 20, 30. Since the motion for default judgment became ripe, approximately seven (7) months have elapsed and Defendant All State has yet to appear in this matter or respond to Plaintiffs' motion for default judgment. *See* Docket Sheet.

Accordingly, Plaintiffs' Motion for Default Judgment will be granted insofar as Plaintiffs claim $70,000.00 in damages in their First Amended Complaint for the replacement value and repair costs for their furniture.

## V. CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiffs' Motion for Default Judgment is **GRANTED** as to its claim for $70,000.00 in damages and default judgment is **ENTERED** in favor of Plaintiffs Samuel H. Rollason and Kathleen M. Rollason and against Defendant All State Van Lines Relocations, Inc., in the amount of $70,000.00.

**DONE** and **ORDERED** this the 11th day of March 2020.

                                                             s/Terry F. Moorer  
                                                             **TERRY F. MOORER**  
                                                             **UNITED STATES DISTRICT JUDGE**