# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. ROLLASON, *et al.*, | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION NO. 1:18-cv-482-TFM-N |
| ITX, LLC, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Pending before the Court is a *Notice of Voluntary Dismissal* (Doc. 51, filed 10/12/2020) filed by the remaining parties who have appeared in the case – Plaintiffs Samuel L. Rollason and Kathleen M. Rollason and Defendants RELO VAN LINES, LLC, and ITX, LLC. These parties request the Court dismiss with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), the plaintiffs' claims in this matter against the defendants, RELO VAN LINES, LLC, and ITX, LLC, with each party to bear their own costs. *Id.* The notice specifically states this action is dismissed in its entirety against all Defendants "with the exception of ALL STATE VAN LINES RELOCATION, INC." along with a notice that All State Van Lines Relocation, Inc., previously had default judgment entered against it. Since the action still remains as it relates to the default judgment defendant, the Court construes the Notice of Voluntary Dismissal as a motion to dismiss Defendants RELO VAN LINES, LLC, and ITX, LLC, pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties and the plaintiffs request the Court dismiss only two (2) of the named defendants, and the Notice of Voluntary

Upon consideration of the motion to dismiss (Doc. 51), it is **ORDERED** it is **GRANTED**, and all of the plaintiffs' claims against Defendants RELO VAN LINES, LLC, and ITX, LLC, are **DISMISSED with prejudice**, with each party to bear their own costs and attorneys' fees.

As noted previously, this leaves the default judgment entered against All State Van Lines Relocation, Inc., in the amount of $70,000  *See* Doc. 36.  Though the Court previously entered default judgment in the matter for what appeared to be a sum certain, subsequently, the Plaintiffs have settled with the other remaining defendants and the Court is now aware of some caselaw that may affect the matter.  Courts have mixed opinions on whether default judgment against should be entered against defaulting defendants prior to resolution of the claims against the nondefaulting defendants.  *See Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012); *Farzetta v. Turner & Newell, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *but see McMillian/McMillian, Inc. v. Monticello Ins.*, 116 F.3d 319, 321 (8th Cir. 1997); *In re Unanium Antitrust Litig.*, 617 F.2d 1248, 1257-58 (7th Cir. 1980); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1982) (stating if a suit is decided on merits against the Plaintiff, the complaint should be dismissed against all defendants, including the defaulting defendants).

Therefore, Plaintiffs are **DIRECTED** to file a response to this Order that addresses the

---

Dismissal is not signed by all of the served parties. Thus, the Court finds it proper to construe the plaintiffs' Notice of Voluntary Dismissal as a motion to dismiss Defendants RELO VAN LINES, LLC, and ITX, LLC, pursuant to Fed. R. Civ. P. 41(a)(2).  A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

effect of the settlements on the default judgment previously entered against the remaining defendant as well as how they intend to proceed towards the final resolution of this case. The response to this order shall be due on or before **October 27, 2020**.

**DONE** and **ORDERED** this the 13th day of October 2020.

                                                s/Terry F. Moorer  
                                                TERRY F. MOORER  
                                                UNITED STATES DISTRICT JUDGE