### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. ROLLASON, *et al.*, | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION NO. 1:18-cv-482-TFM-N |
| ALL STATE VAN LINES RELOCATION, INC., *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Motion for Default Judgment*. Doc. 58, filed January 5, 2021. Plaintiffs Samuel H. Rollason and Kathleen M. Rollason request the Court enter a default judgment in their favor and against Defendant All State Van Lines Relocation, Inc. *Id.* Having considered the motion, subsequent settlement with certain defendants, and relevant law, the Court finds the Motion for Default Judgment is due to be **DENIED**.

### I.  PROCEDURAL BACKGROUND

Plaintiffs Samuel H. Rollason and Kathleen M. Rollason (collectively, the "Plaintiffs") originally filed this action in the Baldwin County Circuit Court on July 24, 2018, in which they brought claims of breach of contract (Counts 1 and 6), negligence and wantonness (Count 2), misrepresentation (Count 3), suppression (Count 4), and bad faith (Counts 5 and 7) against Defendants All State Van Lines Relocation, Inc. ("All State"); IXT, LLC ("IXT"); Relo Van Lines, LLC ("Relo"); and Unitrin Auto and Home Insurance Company ("Unitrin"). Doc. 1-1 at 12-20. Plaintiffs filed their First Amended Complaint on October 9, 2018, in which they dismissed

Defendant IXT and added Defendant ITX, LLC ("ITX"), and retained the same claims.  Doc. 1-1 at 3-11.

Defendant ITX removed this matter to this Court from the circuit court on November 15, 2018, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity and federal question jurisdiction.  *See* Doc. 1 at 1.  Attached to the Notice of Removal is Defendant All State's Consent to Removal, which is signed on behalf counsel for Defendant All State with permission.  Doc. 1-3 at 2.

On November 15, 2018, Defendant ITX filed its Motion to Dismiss in which Defendant ITX requested the Court to dismiss, pursuant to Fed. R. Civ. P. 12(b), Plaintiffs' state law claims because they were preempted by the Carmack Amendment to the I.C.C. Termination Act ("Carmack Amendment"), 49 U.S.C. § 14706.  Doc. 2.  On January 18, 2019, Plaintiffs filed their motion to remand and supporting brief in which they requested the Court remand this action pursuant to 28 U.S.C. § 1447 to the Baldwin County Circuit Court.  Doc. 9.  The Court granted the motion to dismiss to the extent the previously asserted state law claims of bad faith, breach of contract, misrepresentation, negligence and wantonness, and suppression were dismissed with prejudice and denied to the extent the claims survived as a Carmack Amendment claim.  Doc. 15.  The Court denied the Plaintiffs' motion to remand.  *Id*.

On May 14, 2019, the Court granted Plaintiffs' and Defendant Unitrin's motion to dismiss Plaintiffs' claims against Unitrin.  Docs. 14, 16.

Based on the fact that Defendant All State had not filed a notice of appearance, responsive pleading, or request for an extension of time to respond to the Complaint, on June 13, 2019, the Court ordered Plaintiffs to file either a motion to dismiss Defendant All State pursuant to Fed. R. Civ. P. 41, a motion for default pursuant to Fed. R. Civ. P. 55 for Defendant All State's failure to plead or otherwise defend, or a status report that detailed how Plaintiffs intended to proceed against

Defendant All State. Doc. 16. In response to the Court's June 13, 2019 Order, Plaintiffs filed their Motion for Default Judgment in which they requested the Court, pursuant to Fed. R. Civ. P. 55, enter a default judgment against Defendant All State. Doc. 20.

On July 2, 2019, the Court declared Defendant All State to be in default, held the Motion for Default Judgment in abeyance, and ordered Plaintiffs to file evidence in support of their motion. Doc. 25. On August 2, 2019, Plaintiffs filed their evidence in support of their Motion for Default Judgment. Doc. 30. In support of the Motion for Default Judgment, Plaintiffs submitted an appraisal report that was prepared on January 2, 2018, by David L. Sanders, ISA, AM of Mobile Bay Estate Sales and Appraisals, LLC, who performed an appraisal at Plaintiffs' home of the personal property that is the subject of this matter; furniture repair and replacement receipts; and the affidavit of Samuel H. Rollason. Docs. 30-1, 30-2.

On March 11, 2020, the Court found the Motion for Default Judgment ripe for review and an evidentiary hearing unnecessary, based on the evidence that was filed in support of the motion. Doc. 36. Further, the Court granted Plaintiff's Motion for Default Judgment as to Plaintiffs' claim for $70,000.00 in damages and entered default judgment in favor of Plaintiffs and against Defendant All State. *Id*.

On October 12, 2020, Plaintiffs and Defendants Relo and ITX filed their Notice of Voluntary Dismissal, in which they requested the Court dismiss with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), the plaintiffs' claims in this matter against Defendants Relo and ITX. Doc. 51. The Court construed the Notice of Voluntary Dismissal as a motion to dismiss Defendants Relo and ITX pursuant to Fed. R. Civ. P. 41(a)(2), granted the motion, and dismissed Plaintiffs' claims against Defendants Relo and ITX. Doc. 52. The Court also directed Plaintiffs to address the effect of their settlement with Defendants Relo and ITX on the default judgment entered against

Defendant All State.  *Id.*  On November 9, 2020, Plaintiffs filed their brief in response to the Court's Order.  Doc. 55.

On December 11, 2020, the Court vacated the previously entered Memorandum Opinion and Order for Plaintiffs' Motion for Default Judgment, set aside the prior default judgment against Defendant All State, set the matter for a telephonic evidentiary hearing for January 6, 2021,[1] and directed the Clerk of Court to send via certified mail a copy of the order to Defendant All State, which was returned undelivered.  Docs. 56, 57.  At the telephonic evidentiary hearing, John D. Richardson appeared on behalf of Plaintiffs, Keith B. Franklin appeared,[2] and no one appeared on behalf of Defendant All State.

On January 5, 2021, Plaintiffs filed their renewed motion for default judgment.  Doc. 58. In support of Plaintiffs' renewed motion for default judgment, they submitted the affidavit of Mrs. Rollason, correspondence between Mrs. Rollason and Defendant All State, the bill of lading, Plaintiffs' counsel's correspondence with All State, a copy of 49 U.S.C. § 14706, and relevant documents from the case file.  Doc. 58-2, 58-3, 58-4, 58-5.

---

[1] Fed. R. Civ. P. 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1).  In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D).  Though the language indicates a hearing is not a "*per se* requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

[2] The Court requested Mr. Franklin to attend the telephonic evidentiary hearing to clarify whether he represented Defendant All State.  Doc. 56.  The Court's docket entry for the Parties' Joint Statement Regarding Status of Settlement Negotiations and Response to Show Cause indicates it was filed by Mr. Franklin as a notice on behalf of Defendants All State, ITX, and Relo.  Doc. 42. However, at the telephonic evidentiary hearing, Mr. Franklin stated he does not represent Defendant All State, which means it is not represented by counsel in this matter.

### III.     DISCUSSION AND ANALYSIS

The Federal Rules of Civil Procedure state a corporation that is found in a judicial district of the United States, such as All State, must be served:

> (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h)(1)(A)-(B).

Plaintiffs allege in their First Amended Complaint All State is a Florida corporation, and Plaintiffs' proof of receipt of certified mail for All State shows it was served at 8795 W. McNab Road, #102, Tamarac, Florida, 33321, on July 31, 2018.  Doc. 1-2 at 18.  The proof of receipt contains an illegible recipient signature, and Plaintiffs did not address the certified mail to a particular person, but generally addressed it to All State.  Plaintiffs do not allege, and the record does not support, a finding that the certified mail was delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(h)(1)(B).

Fed. R. Civ. P. 4(e)(1) allows a corporation to be served in accord with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).  As for the state where the district court is located—Alabama—under its law, process against a corporation may be served on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."  ALA. R. CIV. P. 4(c)(6).  As for where service of All State was allegedly made—Florida—under its law, process against a corporation may be served:

(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

FLA. STAT. § 48.081(1)(a)-(d).[3]  Plaintiffs have not proven, much less alleged, the person who signed for the certified mail on behalf of All State held any of the positions that are authorized to accept service of process on behalf of a corporation in either Alabama or Florida.  Therefore, Plaintiffs have not shown All State was properly served, and their Motion for Default Judgment is due to be denied.

## V.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiffs' Motion for Default Judgment (Doc. 58) is **DENIED;**

(2) the Court's entry of default against All State (Doc. 25) is **SET ASIDE**; and

(3) Plaintiffs are **ORDERED** to file by **March 22, 2021**, either a proof of service of All State, a status of service report that details how Plaintiffs intend to perfect service on All State, or a motion to dismiss All State pursuant to Fed. R. Civ. P. 41.

**DONE** and **ORDERED** this the 3rd day of February 2021.

    s/Terry F. Moorer
**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**

---

[3] Additionally, under Florida law, "a return of process showing service on an inferior officer of a corporation must show that all superior officers designated in the statute were absent when service was attempted." *Nat'l Safety Assocs., Inc. v. Allstate Ins. Co.*, 799 So. 2d 316, 317 (Fla. Dist. Ct. App. 2001).