# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. ROLLASON, *et al.*, | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION NO. 1:18-cv-482-TFM-N |
| ALL STATE VAN LINES RELOCATION, INC., *et al.*, | : | |
| Defendants. | : | |

### ORDER

On February 3, 2021, based on the Court's finding that Plaintiffs had not shown Defendant All State Van Lines Relocation, Inc. ("All State Inc.") was properly served, the Court denied Plaintiffs' Motion for Default Judgment; set aside the Court's entry of default against All State Inc.; and ordered Plaintiffs to file either a proof of service of All State Inc., a status of service report that details how Plaintiffs intend to perfect service on All State Inc., or a motion to dismiss All State Inc. pursuant to Fed. R. Civ. P. 41. Doc. 60. Plaintiffs timely filed their response to the Court's Order, which is styled as a motion. Doc. 61. In Plaintiffs' Motion to Join Aldo Luciano Disorbo, Jr., a/k/a Aldo Disorbo, as a Party Defendant as he is The Alter Ego of All State Van Lines Relocation, Inc. [LLC] ("motion to join"), they request the Court join, pursuant to Fed. R. Civ. P. 18 and 19, Aldo Luciano Disorbo, Jr., because Plaintiffs allege Mr. Disorbo was, at all relevant times, the alter ego of All State Inc. and All State Van Lines Relocation, LLC ("All State LLC"). *Id.*

Fed. R. Civ. P. 19 relates to the required joinder of parties. FED. R. CIV. P. 19. A required party is:

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* While the Court is not completely convinced Mr. Disorbo is a required party to this action, pursuant to Fed. R. Civ. P. 19, permissive joinder is allowed pursuant to Fed. R. Civ. P. 20.

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20.  A "district court has broad discretion to join parties or not." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam).  "In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Id.* (quoting *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000)).  "The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: 'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Alexander*, 207 F.3d at 1323 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

> In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims. For the purposes of Rule 13(a), transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. . . .
>
> The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties.

*Id.* at 1323-24 (internal citations and quotation marks omitted).

Plaintiffs allege Mr. Disorbo is a citizen of Florida, has had numerous moving and storage companies, and is the "owner, operator, and has complete control" over All State Inc. and All State LLC. Doc. 61 at 2. Plaintiffs allege Mr. Disorbo has used sham companies to avoid the legal authorities of the State of Florida. *Id.* at 2-3. Plaintiffs allege the Florida Secretary of State has many different moving companies that are associated with Mr. Disorbo, including All State Inc. and All State LLC. *Id.* Plaintiffs allege All State Inc. was declared "inactive" with the Florida Secretary of State based on a document that was filed on February 3, 2015, after the events that underly this action. *Id.* at 3; Doc. 1-2 at 79. Finally, Plaintiffs allege Mr. Disorbo fraudulently used All State Inc. as a "front entity" and he was the alter ego of All State Inc., and is liable as such. Doc. 61 at 1, 3.

Based on the foregoing allegations, the Court finds permissive joinder proper.[1] The Court further construes Plaintiffs' motion to join (Doc. 61) as a motion for leave to amend the complaint

---

[1] Plaintiffs' amended complaint must be filed as a standalone document and address the Court's personal jurisdiction over Mr. Disorbo. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-78, 105 S. Ct. 2174, 2181-85, 85 L. Ed. 2d 528 (1985) (explaining the requirements for specific jurisdiction over an out-of-state defendant); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984) (stating general jurisdiction requires the defendant have "continuous and systematic" contacts with the forum states).

to add Mr. Disorbo as a defendant, which the Court **GRANTS**.  Plaintiffs are **ORDERED** to file by **April 16, 2021**, their amended complaint.

      **DONE** and **ORDERED** this the 6th day of April 2021.

                                                s/Terry F. Moorer  
                                               **TERRY F. MOORER**  
                                               **UNITED STATES DISTRICT JUDGE**